IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3160-D

| | | |
|---|---|---|
| DONNELL MULDROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 1, 2011, Donnell Muldrow ("Muldrow" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1].[1] On September 8, 2011, Muldrow filed a motion for a preliminary injunction [D.E. 4]. On September 15, 2011, Muldrow filed a motion for a temporary restraining order [D.E. 6]. As explained below, the court dismisses the complaint and denies Muldrow's motions.

I.

When a prisoner seeks relief from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal

---

[1] Muldrow captioned his complaint as "Donnell Muldrow on behalf of himself and all others similarly situated[.]" Compl. [D.E.] 1. However, Muldrow is not a lawyer and may not represent other prisoners. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions' . . . ." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Muldrow is incarcerated at Tyrrell Work Farm. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0533897&searchOffenderId=0533897&listurl=pagelistoffendersearchresults&listpage=1 (last visited Apr. 25, 2012).[2] Muldrow was incarcerated at Johnston Correctional Institution ("Johnston"), and the facts alleged in the complaint allegedly occurred at Johnston. Compl. 2–3. Muldrow alleges that he was held in segregation "without air conditioning on June 10, 2011 for (13) days and again on July 1, 2011 for (13) more days, when out-door temperatures were in excess of 94 degrees." Id. 3. Muldrow sues the state of North Carolina, Governor Beverly Perdue, and Joseph B. Hall ("Hall"),

---

[2] On March 20, 2012, Muldrow was transferred to Tyrrell Work Farm. Id. However, Muldrow has not provided the court with a new address as required by Local Civil Rule 83.3. The court cautions Muldrow to comply with this rule.

the Johnston superintendent, and alleges that these defendants engaged "in a conspiracy" to hold Muldrow in the described conditions. Id. 2–3, 6. Muldrow seeks compensatory damages, punitive damages, and costs. Id. 4.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691–92 & n.57 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). "[T]he first showing requires the court to determine whether the deprivation of the human need was objectively sufficiently serious, and the second requires it to determine whether subjectively the officials acted with a sufficiently culpable state of mind." Id. (quotations, emphasis, and alterations omitted). "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Accordingly,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

3

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Only extreme deprivations satisfy the objective component of a conditions of confinement claim. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Moreover, the court must view the conditions of which Muldrow complains in the context of other prison conditions. See, e.g., Wilson v. Seiter, 501 U.S. 294, 304 (1991); Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991).

To the extent that Muldrow seeks to assert a conspiracy claim, a plaintiff seeking to state a civil conspiracy claim "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy's existence are insufficient to state a claim. See id. at 421–23. Rather, a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421. Muldrow does not allege facts that suggest that any defendants came to a "meeting of the minds." Cf. Iqbal, 556 U.S. at 677–83; Twombly, 550 U.S. at 555–56. Thus, Muldrow fails to state a claim for conspiracy.

As for Muldrow's claim that he was subjected to unconstitutional conditions of confinement, Muldrow's claim fails. First, Muldrow does not allege that he complained about the conditions to any prison official. Thus, Muldrow's alleged facts do not suggest that any defendant "knew of and disregarded an excessive risk to inmate safety." Farmer, 511 U.S. at 837–38; Rish v. Johnson, 131 F.3d 1092, 1096–97 (4th Cir. 1997); Scott v. Dep't of Pub. Safety & Corr. Servs., Civil Action No. L-10-461, 2011 WL 3793376, at *4 (D. Md. Aug. 23, 2011) (unpublished). Second, Muldrow does

4

not allege that the alleged conditions caused him injury. See, e.g., Strickler, 989 F.2d at 1381 & n.6; Michael v. Frederick Cnty. Comm'rs, Civil Action No. DKC-10-412, 2010 WL 5055808, at *4 (D. Md. Dec. 3, 2010) (unpublished); Owens v. SCDC, Civil Action No. 8:09-278-GRA, 2009 WL 4807005, at *8 (D.S.C. Dec. 8, 2009) (unpublished).

Moreover, the defendants that Muldrow names are not subject to a section 1983 action. As for Governor Perdue and Hall, Muldrow does not allege that these defendants personally deprived Muldrow of a constitutional right. Rather, Muldrow improperly asserts claims against these defendants in their supervisory capacities. See, e.g., Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 694; Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Because Muldrow does not state claims against these defendants on which relief can be granted, Muldrow's claims against these defendants are dismissed. Additionally, the state of North Carolina is not a "person" for purposes of section 1983, and the Eleventh Amendment bars claims for monetary relief against states. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65–66, 70 (1989). Thus, the court cannot grant relief on Muldrow's claim against the state of North Carolina, and the claim is dismissed.

As for Muldrow's motions for a temporary restraining order and a preliminary injunction, the substantive standards for granting the requested equitable relief are the same. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief

5

as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Muldrow has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Muldrow has failed to meet his burden of proof. Accordingly, the court denies Muldrow's motions for a preliminary injunction and temporary restraining order.

II.

In sum, Muldrow's motions for a preliminary injunction and a temporary restraining order [D.E. 4, 6] are DENIED, and the court DISMISSES Muldrow's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). The clerk shall close this case.

SO ORDERED. This 25 day of April 2012.

JAMES C. DEVER III
Chief United States District Judge